GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Susan Reid, individually and on behalf of the -wrongful-death beneficiaries of William Reid, filed suit against Mississippi Farm Bureau Casualty Insurance Company, alleging that Farm Bureau underpaid uninsured-motorist (UM) benefits following William’s death, which resulted from a car accident caused by an underinsured negligent driver. The Circuit Court of Lawrence County granted summary judgment in favor of Farm Bureau. We find no error and affirm.
 

 FACTS
 

 ¶2. The Reids had an auto-insurance policy with Farm Bureau that covered five of the Reids’ vehicles. Under the policy, the Reids carried UM coverage on only two of the vehicles — $50,000 on one and $25,000 on the other. They carried no UM coverage on the other three vehicles, although they did not execute a written waiver of such coverage for those vehicles. Because no waiver was obtained, Mississippi law reads $25,000 in UM coverage into the policy for those three vehicles.
 

 ¶ 3. William was driving one of the covered vehicles when he was killed in an accident caused by a negligent driver, who carried only $25,000 in liability coverage. Because the Reids’ UM coverage was triggered, Farm Bureau tendered $125,000 to the Reids. That was $75,000 for the UM coverage actually carried, plus $25,000 for each of the three vehicles without such coverage but for which no waiver was obtained, offset by the $25,000 already paid by the negligent driver’s insurer.
 

 ¶ 4. Susan filed suit alleging that Farm Bureau owed an additional $75,000 in UM coverage. The circuit court granted summary judgment in favor of Farm Bureau. Susan appeals.
 

 STANDARD OF REVIEW
 

 ¶ 5. The standard of review of an order granting summary judgment is de novo.
 
 PPG Architectural Finishes, Inc. v. Lowery,
 
 909 So.2d 47, 49 (¶8) (Miss.2005). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists. The moving party has the burden of demonstrating that no genuine issue of material fact exists within the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.’ ”
 
 Id.
 
 (quoting M.R.C.P. 56(c)).
 

 ANALYSIS
 

 ¶ 6. Every auto-insurance policy issued in the State of Mississippi must include UM coverage, unless the insured rejects such coverage in writing. Miss. Code Ann. § 83-11-101(1) (Rev.1999). This coverage cannot be less than the minimum amount required by statute.
 
 Id.
 
 Currently, the minimum amount of UM coverage for bodily injury or death to one person in one accident is $25,000. Miss. Code Ann. § 63 — 15—3(j) (Supp.2009). The insured may elect to carry UM coverage over the minimum amount, but such coverage cannot exceed the amount of bodily-injury liability coverage provided by the insured’s policy. Miss.Code Ann. § 83-11-101(1). If a policy is written without
 
 *1240
 
 expressly providing UM coverage and no written waiver is obtained, the law reads into the policy the minimum amount, which is currently $25,000 for bodily injury or death to one person in one accident.
 
 See Owens v. Miss. Farm Bureau Cas. Ins. Co.,
 
 910 So.2d 1065, 1074-75 (¶ 35) (Miss.2005).
 

 ¶ 7. In this case, the Reids’ policy did not expressly provide UM coverage for three of the five covered vehicles, and no written waiver was obtained. Therefore, by law, the policy implicitly provided the minimum UM coverage of $25,000 on each of those vehicles. Understanding this to be the case, Farm Bureau tendered $75,000 in UM coverage for those vehicles after the accident that took William’s life.
 

 ¶ 8. Susan argues that she is entitled to an additional $75,000 in UM coverage for those three vehicles. She claims that, at the time she applied for coverage, the agent failed to adequately explain to her the costs, risks, and benefits of carrying UM coverage over and above the statutory minimum, and if he had explained that to her, she would have opted to carry the maximum amount of coverage. Since her policy provided $50,000 in liability coverage on each vehicle, that was the maximum amount of UM coverage allowed under the statute. In sum, she claims that because of the agent’s negligence, there existed a gap of $25,000 per vehicle in UM coverage on the three vehicles; hence, her claim is for an additional $75,000.
 

 ¶ 9. However, Mississippi law does not require an insurance agent to explain the costs, risks, and benefits of carrying UM coverage over the statutory minimum.
 
 Owens,
 
 910 So.2d at 1074-75 (¶ 35). In
 
 Owens,
 
 the Mississippi Supreme Court distinguished two separate issues that Susan’s brief conflates. First, when an insured waives UM coverage altogether, there is a question as to whether that waiver was knowing and intelligent.
 
 Id.
 
 at 1074 (¶ 34). In answering that question, the court will often look to whether the agent explained UM coverage to the insured.
 
 Id.
 
 Second and distinct is the question as to whether an agent has a legal duty to explain the costs, risks, and benefits of carrying UM coverage over the statutory minimum.
 
 Id.
 
 at 1074-75 (¶ 35). On that second question, the supreme court clearly answered in the negative.
 
 Id.
 

 ¶ 10. In this case, there is no question as to whether a waiver was knowingly and intelligently given. There was no waiver of UM coverage. The only question is whether the Reids’ agent had a duty to explain to them why they should or should not opt to cany UM coverage over the amount required by statute up to the liability limits of their policy. He did not owe them such a duty.
 

 ¶ 11. Because there was no duty, there are no fact issues that need to be resolved by trial. Summary judgment was proper, and this issue lacks merit.
 

 ¶ 12. THE JUDGMENT OF THE LAWRENCE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. MYERS, P.J., NOT PARTICIPATING.